# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRIS KROL,** <br><br> Plaintiff, <br><br> v. <br><br> **RUTGERS PR LIBRARY,** <br><br> Defendant. | Case No. 25–cv–14041–ESK–MJS <br><br> **OPINION AND ORDER** |

**THIS MATTER** having come before the Court on plaintiff's complaint (Complaint) (ECF No. 1), filed without payment of the filing fee or submission of an application to proceed *in forma pauperis* (IFP); and the Court finding,

1. A court "has the authority to dismiss a case 'at any time,'… regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case" before or even simultaneously with review of an IFP application. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

2. The Court shall accordingly screen the action to determine whether the Complaint (ECF No. 1): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

3. When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555.

5. Here, the Complaint does not meet the above standards. This action arises from plaintiff's assault allegation against a Rutgers's employee whose office is in the defendant facility. (ECF No. 1 p. 4.) Plaintiff seeks relief pursuant to 42 U.S.C. §1983 and requests $20 million in damages. (*Id.*) To succeed on a Section 1983 claim, a plaintiff must show that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right." *Durham v. New Jersey Dept. of Corrections*, No. 22–05482, 2025 WL 642469, at *4 (D.N.J. Feb. 26, 2025). While plaintiff names Rutgers PR Library as defendant, beyond noting safety concerns, the Complaint is silent as to how defendant violated plaintiff's rights. (ECF No. 1 p. 4.) The Complaint solely references the Rutger's employee's conduct, yet fails to assert what federally secured right was violated. (*Id.*)

6. Plaintiff's claims are thus deemed to be frivolous. *Grayson,* 293 F.3d at 114 (noting that while a *pro se* plaintiff should generally be provided the opportunity to cure deficiencies in a complaint, this rule is inapplicable where granting an opportunity to amend would be futile).

7. The "federal court system is not a playground to be used by litigants for harassing those they dislike." *Gilgallon v. Carroll*, 153 F. App'x 853, 855 (3d Cir. 2005). The court system is not available for "recreational litigation." *Marrakush Soc. v. New Jersey State Police*, 2009 WL 2366132, *36 (D.N.J. July 30, 2009) (defining a recreational litigant as someone who engages in litigation as a sport and files numerous complaints without regard to court rules or substantive law). Courts may protect themselves and other litigants from recreational litigants by enjoining the filing of further cases without leave of court. *Id.*

8. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Id.* District courts "must comply with the following requirements when issuing such prohibitive injunctive orders against

*pro se* litigants." *Id.* First, the court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* Second, the court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Id.* Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] [c]ourt." *Id.*

9.   Plaintiff filed three prior actions in this Court, which were each dismissed as frivolous. *See* Case No. 22–cv–12063, *Krol v. Shusted* (*Krol* 1); Case No. 22–cv–12235, *Krol v. Camden Superior Court* (*Krol* 2); Case No. 25–cv–13211, *Krol v. Macaulay* (*Krol* 3). In *Krol* 2 and *Krol* 3, plaintiff was "placed on notice that addition[al] submissions or cases seeking to have this Court intervene in issues involving ongoing state court matters, will result in the issuance of a prefiling injunction, which will be narrowly tailored to prevent the continuation of vexatious litigation conduct." Given that plaintiff has again filed a frivolous lawsuit that fails to meet the federal pleading standards, plaintiff's pattern of vexatious litigation should be enjoined.

Accordingly,

**IT IS** on this   **5th** day of **August 2025   ORDERED** that:

1.   The Complaint (ECF No. 1) is **DISMISSED with prejudice**.

2.   Plaintiff is **ENJOINED** from filing any further civil actions without permission of the Court. The Clerk of the Court is directed not to accept any filings, whether submitted in this action, a prior action, or new action, from plaintiff.

3.   The Clerk of the Court shall assign any subsequent actions by plaintiff to me. I will screen any such actions to determine whether they are deficient. If plaintiff files such an action, plaintiff may be required to show cause why the action should be allowed to proceed.

4.   The Clerk of the Court is directed to **close** this action and send a copy of this Order to plaintiff by regular mail.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

3